**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MANUEL ARCHILLA,

          Plaintiff,

v.                                                                                          Case No. 8:23-cv-1332-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

          Defendant.
_____/

**O R D E R**

This cause is before the Court on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 25; "Petition"), filed February 1, 2024. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,317.06 and costs in the amount of $402.00. Petition at 1.[1] Plaintiff represents that Defendant does not oppose the relief requested. Id. at 4.

Plaintiff's counsel expended a total of 34 hours in the representation of Plaintiff before the Court: 6.4 hours by Carol Avard, 25.3 hours by Mark Zakhvatayev, and 2.3 hours for the preparation of the Petition. Id. at 3; see also Affidavit (Doc. No. 25-1) at 18-19 (Schedule of Hours). Plaintiff requests an

---

[1] The pagination of the Petition is not continuous. Citations to the Petition follow the pagination of the Court's electronic filing system (CM/ECF).

hourly rate of $244.62. Affidavit (Doc. No. 25-1) at 18-19. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2]

Plaintiff also requests reimbursement of $402.00 in costs expended for the filing of the Complaint (Doc. No. 1). Motion at 1. Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. Petition at 3; see Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement-Federal Court (Doc. No. 25-2). Regarding the assignment, Plaintiff represents the following:

> [After the Court issues an] Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury

---

[2] See U.S. Dep't of Labor, Inflation Calculator, at http://data.bls.gov/cgi-bin/cpicalc.pl (last visited October 3, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Indexes generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105F.3d708, 710-13(D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-Oc-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

> determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Petition at 3.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 25) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $8,317.06 pursuant to 28 U.S.C. § 2412(d) and costs in the amount of $402.00.

3. The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on October 4, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

3